Emily V. Griffen  (CA Bar No. 209162)
Email: egriffen@shearman.com
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, California  94111
Telephone: (415) 616-1100
Facsimile:  (415) 616-1199

Attorneys for Defendants WEBMD
HEALTH CORP. and WEBMD
HEALTH SERVICES GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WEBMD HEALTH CORP. and WEBMD HEALTH SERVS. GRP., INC.<br><br>Defendants. | Case No. 2:13-cv-07285-ODW<br><br>**WEBMD HEALTH CORP. AND WEBMD HEALTH SERVICES GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE COMPLAINT FOR PATENT INFRINGEMENT** |

1

# ANSWER

Defendants WebMD Health Corp. and WebMD Health Services Group, Inc. (collectively, the "WebMD Defendants") hereby submit their Answer, Affirmative Defenses, and Counterclaims to Plaintiff MyMedicalRecords, Inc.'s ("MMR") Complaint for Patent Infringement ("Complaint") (Dkt. No. 1).

## PARTIES[1]

1. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and on that basis deny the same.

2. Admitted.

3. Admitted.

## JURISDICTION, VENUE AND JOINDER

4. The WebMD Defendants admit that MMR has asserted claims for patent infringement under Title 35 of the United States Code. The WebMD Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The WebMD Defendants deny any remaining allegations in Paragraph 4.

5. The WebMD Defendants admit that this Court has personal jurisdiction over them. The WebMD Defendants deny the remaining allegations in Paragraph 5.

6. Admitted.

## BACKGROUND

7. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and on that basis deny the same.

---

[1] For convenience and clarity, the WebMD Defendants use the same headings used in the Complaint. In so doing, the WebMD Defendants do not admit any of the allegations contained in the headings.

8. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and on that basis deny the same.

9. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and on that basis deny the same.

10. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and on that basis deny the same.

11. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and on that basis deny the same.

12. The WebMD Defendants admit that www.webmd.com allows consumers to review a variety of health and wellness information. The WebMD Defendants deny all remaining allegations in Paragraph 14.

13. The WebMD Defendants deny that they have ever offered private portals to consumers. The WebMD Defendants admit that certain aspects of the private portals have changed since the portals were first introduced. The WebMD Defendants deny that the private portals were "very limited" when first offered. The WebMD Defendants admit that the private portals do not infringe any of the claims of MMR's patents. The WebMD Defendants deny any remaining allegations in Paragraph 13.

14. The WebMD Defendants admit that representatives from WebMD, Inc. met with representatives from MyMedicalRecords.com, Inc. in 2007. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 14 and on that basis deny the same. The WebMD Defendants admit that WebMD, Inc. executed a Mutual Confidentiality and Nondisclosure Agreement with

MyMedicalRecords.com, Inc., effective May 8, 2007, but deny that the agreement included a non-circumvention agreement. The WebMD Defendants deny all remaining allegations in Paragraph 14.

17. The WebMD Defendants deny the allegations in the first sentence of Paragraph 15. The WebMD Defendants admit that they provide information and reference material about health and wellness subjects. The WebMD Defendants admit that information they provide can be accessed using the Internet. The WebMD Defendants admit that the user accounts that they offer are secure. The WebMD Defendants deny the remaining allegations in Paragraph 15.

16. Denied.

## **FIRST CLAIM FOR RELIEF**
### **(Patent Infringement as to the '466 Patent)**

17. The WebMD Defendants incorporate their answers to paragraphs 1 through 16 herein by reference.

18. The WebMD Defendants admit that a copy of U.S. Patent No. 8,301,466 (the '466 patent) was attached to the Complaint as Exhibit A. The WebMD Defendants also admit that the '466 patent, on its face, shows that it was titled "Method and System for Providing Online Records" and issued on October 30, 2012 and names Robert H. Lorsch as inventor and Mymedicalrecords, Inc. as assignee. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 and on that basis deny the same.

19. Denied.
20. Denied.
21. Denied.
22. Denied.
23. Denied.
24. Denied.

4

## SECOND CLAIM FOR RELIEF

### (Patent Infringement as to the '833 Patent)

25. The WebMD Defendants incorporate their answers to paragraphs 1 through 24 herein by reference.

26. The WebMD Defendants admit that a copy of U.S. Patent No. 8,498,883 (the '883 patent) was attached to the Complaint as Exhibit B. The WebMD Defendants also admit that the '883 patent, on its face, shows that it was titled "Method for Providing a User with a Service for Accessing and Collecting Prescriptions" and issued on July 30, 2013 and names Robert H. Lorsch as inventor and MyMedicalRecords, Inc. as assignee. The WebMD Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and on that basis deny the same.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## PRAYER FOR RELIEF

The WebMD Defendants deny that MMR is entitled to any of the requested relief and deny any allegations contained in subparagraphs 1 through 8.

## AFFIRMATIVE DEFENSES

The WebMD Defendants assert and allege the following affirmative defenses to the Complaint. In doing so, the WebMD Defendants do not admit any of the allegations in the Complaint and do not concede that MMR has properly stated any cause of action therein.

**First Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted and/or fails to plead allegations with sufficient particularity.

**Second Affirmative Defense**

**(Non-Infringement)**

The WebMD Defendants do not make, use, offer to sell, sell, or import into the United States any products or services that infringe either the '466 or '833 patents. The WebMD Defendants also do not perform the steps of the method claims of either the '466 or '833 patents. MMR is not entitled to any relief against the WebMD Defendants because the WebMD Defendants have not directly or indirectly infringed either the '466 or '833 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

**Third Affirmative Defense**

**(Invalidity)**

The claims of the '466 and '833 patents are invalid and/or unenforceable for failing to meet one or more of the provisions of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and 112 in Title 35, and/or the Rules and Regulations of the U.S. Patent & Trademark Office stated in Title 37, C.F.R.

**Fourth Affirmative Defense**

**(Limitation on Damages)**

The relief MMR seeks is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

**Fifth Affirmative Defense**

**(Limitation on Costs)**

MMR is barred from recovering costs associated with this action under 35 U.S.C. § 288.

### Sixth Affirmative Defense
### (Innocent Intent)

The WebMD Defendants have engaged in all relevant activities in good faith, thereby precluding MMR, even if it prevails, from recovering its reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

### Seventh Affirmative Defense
### (Adequate Remedy at Law)

MMR is not entitled to injunctive relief because any alleged injury to MMR is not immediate or irreparable and MMR has an adequate remedy at law.

### Eigth Affirmative Defense
### (Unenforceability)

The patents-in-suit are unenforceable against the WebMD Defendants because of implied license, estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines

### COUNTERCLAIMS

Plaintiffs-in-counterclaim, the WebMD Defendants, plead the following counterclaims against Counterclaim Defendant MMR:

### The Parties

1. WebMD Health Corp. is a corporation organized under the laws of Delaware with its principal place of business at 111 Eighth Avenue, New York, New York 10011.

2. WebMD Health Services Group, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2701 Northwest Vaughn Street, Suite 700, Portland, Oregon 97210.

3. MMR has alleged that it is Delaware corporation with its principal place of business in Los Angeles, California.

**Jurisdiction and Venue**

4. These counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. MMR has availed itself of this forum and is therefore subject to personal jurisdiction in this District. To the extent that venue is proper in connection with the Complaint, it is equally proper for these counterclaims under 28 U.S.C. §§ 1391 and 1400.

**Count I**

**(Declaratory Judgment of Non-Infringement)**

6. The WebMD Defendants incorporate by reference the allegations of Paragraphs 1-5 of the Counterclaims, above, as if fully set forth herein.

7. MMR has alleged that it is the owner of the entire right, title, and interest in and to the '466 and '833 patents.

8. MMR has alleged in this action that the WebMD Defendants have infringed the '466 and '833 patents . The WebMD Defendants do not directly or indirectly infringe of any valid claim of the '466 or '833 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

9. There accordingly is an actual, immediate, and justiciable controversy between the parties.

10. The WebMD Defendants seek a declaration by the Court that it has not infringed and is not infringing any valid claim of the '466 and '833 patents.

11. The WebMD Defendants seek further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count II

### (Declaratory Judgment of Invalidity)

12. The WebMD Defendants incorporate by reference the allegations of Paragraphs 1-11 above as if fully set forth herein.

13. MMR has alleged that it is the owner of the entire right, title, and interest in and to the '466 and '833 patents.

14. MMR has alleged that the '466 and '833 patents were duly and legally issued.

15. MMR has alleged in this action that the WebMD Defendants have infringed the '466 and '833 patents .

16. The claims of the '466 and '833 patents are, however, invalid and/or unenforceable for failing to meet one or more of the provisions of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and 112 in Title 35, and/or the Rules and Regulations of the U.S. Patent & Trademark Office stated in Title 37, C.F.R.

17. Because MMR has alleged that the WebMD Defendants infringe invalid and unenforceable patents, there is an actual, immediate, and justiciable controversy between the parties.

18. The WebMD Defendants seek a declaration by the Court that one or more claims of the '466 and '833 patents are invalid and/or unenforceable.

19. The WebMD Defendants seek further necessary or proper relief based on the Court's declaratory judgment or decree.

### Jury Demand

20. Under Fed. R. Civ. P. 38(b), the WebMD Defendants respectfully request a trial by jury on all issues so triable.

### Prayer for Relief

WHEREFORE, the WebMD Defendants respectfully request the following relief:

  a. That judgment on the Complaint be entered in favor of the WebMD Defendants, and against MMR, and that MMR not recover any relief sought in the Complaint;

  b. That the '466 and '833 patents be declared invalid and/or unenforceable;

  c. That the WebMD Defendant be declared not to have infringed any valid claim of the '466 and '833 patents;

  d. That the WebMD Defendants be found not to have violated any other right of MMR;

  e. That the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award the WebMD Defendants their costs and expenses, including reasonable attorney fees; and

  f. That the WebMD Defendants be awarded such other and further relief that the Court may deem just or proper under the circumstances.

Dated: November 22, 2013    Respectfully submitted,

/s/ Emily V. Griffen
Emily V. Griffen  (CA Bar No. 209162)
Email: egriffen@shearman.com
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, California  94111
Telephone: (415) 616-1100
Facsimile:  (415) 616-1199

*Attorneys for Defendants WebMD Health Corp. and WebMD Health Services Group, Inc.*