O

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS, INC.,<br><br>         Defendant. | Case No. 2:13-cv-02538-ODW(SHx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS [69]** |
| MYMEDICALRECORDS, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.,<br><br>         Defendants. | Case No. 2:13-cv-03560-ODW(SHx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS [78]** |
| MYMEDICALRECORDS, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>WEBMD HEALTH CORP; WEBMD HEALTH SERVICES GROUP INC,<br><br>         Defendants/Counterclaimants. | Case No. 2:13-cv-07285-ODW(SHx) -*<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS [48]** |

## I. INTRODUCTION

Plaintiff MyMedicalRecords Inc. ("MMR") asserts U.S. Patent Nos. 8,301,466 ("the '466 Patent") and 8,498,833 ("the '883 Patent") in separate related actions against Defendants Quest Diagnostics, Inc. ("Quest"); Allscripts Healthcare Solutions, Inc. ("Allscripts"); and WebMD Health Corp and WebMD Health Services Group Inc. (collectively, "WebMD"). (Case No. 2:13-cv-02538; Case No. 2:13-cv-03560; Case No. 2:13-cv-07285.) MMR also asserts the '466 Patent against Empty Jar, LLC f/k/a Jardogs, LLC ("Empty Jar"). (Case No. 2:13-cv-03560).

On September 3, 2014, the Court issued its Claim-Construction Order construing the claims of the '466 Patent and the '883 Patent. (Case No. 2:13-cv-00631, ECF No. 86.) In the Claim-Construction Order, the Court construed claims of the '466 Patent during which the Court declined to adopt MMR's proposed constructions. The parties filed their Joint Post-*Markman* Scheduling report on September 17, 2014 and the Court re-opened discovery the next day.

MMR provided its Amended Infringement Contentions for the '466 Patent to all Defendants on September 23, 2014. Empty Jar and Allscripts do not oppose the amended infringement contentions, whereas Quest and WebMD oppose on the basis that MMR cannot show good cause for the Court to grant leave to amend. The Court finds that MMR's timely filing of its Amendments, which was without prejudice to the Defendants, satisfies the good-cause element of Patent Local Rule 3-6. Thus, the Motions for Leave to File Amended Infringement Contentions (Case No. 2:13-cv-02538, ECF No. 69; Case No. 2:13-cv-03560, ECF No. 78; Case No. 2:13-cv-07285, ECF No. 48) are **GRANTED**.[1]

## II. FACTUAL BACKGROUND

MMR is the owner of the '446 Patent titled "Method and System for Providing On-line Records," and the '883 Patent titled "Method for Providing a User with a

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Service for Accessing and Collecting Prescriptions." MMR alleges that Defendants infringe one independent claim per patent—claim 8 of the '466 Patent and claim 1 of the '883 Patent—as well as six dependent claims. (*See e.g.* Case No. 2:13-cv-02538, ECF No. 1.)

The asserted claims are method claims directed to a method for providing users with a secure and private way to collect, access, and manage medical records[2] online. Users can securely request their medical records from healthcare providers, which are received at a remote server—separate from where the healthcare providers store and maintain their respective records. Via an interface, the patient accesses, controls, and manages the aggregated records on the server.

Facing several actions involving the same MMR patents, the Court consolidated the cases for claim-construction purposes on December 9, 2013. (Case No. 2:13-cv-00631, ECF No. 38.) The low number case, *MyMedicalRecords, Inc. v. Walgreen Co.*, No. 13-cv-00631-ODW(SHx), was designated as the lead case. The lead case has since settled, but the case remains open for the purposes of discovery pertaining to all of the MMR patent cases.[3]

On August 19, 2014, the Court held a consolidated claim-construction hearing and issued an order on September 3, 2014. (ECF No. 86.) On September 18, 2014, the Court issued the Post-*Markman* Scheduling Order (ECF No. 88) based upon the parties' Joint Report (ECF No. 87). Specifically, the Scheduling Order identified February 18, 2015, as the cut-off date for all discovery and granted Defendants leave to file a motion for entry of judgment on invalidity or early summary-judgment motions to be filed by November 17, 2014.

On October 3, 2013, MMR filed with the Court its Unopposed Motion for Leave to Amend Infringement Contentions to Empty Jar, LLC, F/K/A Jardogs, LLC. (Case No. 2:13-cv-03560, ECF No. 79.) On October 8, 2014, MMR filed its Motion

---

[2] The '883 Patent is specifically directed to drug prescriptions. The Court includes drug prescriptions within "medical records" unless otherwise indicated.

[3] Citations to the docket refer to the docket in the lead case unless indicated otherwise.

for Leave to Amend Infringement Contentions to WebMD (Case No. 2:13-cv-07285, ECF No. 48) and WebMD timely opposed (*Id.*, ECF No. 50). On October 9, 2014, MMR filed its Motion for Leave to Amend Infringement Contentions to Quest (Case No. 2:13-cv-02538, ECF No. 69) and Quest timely opposed (*Id.*, ECF No. 73). These Motions are now before the Court for decision.

### III. LEGAL STANDARD

The Patent Local Rules reflect a more conservative approach to amendment than the liberal policy for amending pleadings under the Federal Rules of Civil Procedure. Patent Local Rule 3-6 permits amendment of infringement contentions "only by order of the Court upon a timely showing of good cause." *Compare* Patent L.R. 3-6 *with* Fed. R. Civ. P. 15(a)(2) (permitting leave to amend "when justice so requires").

To make a satisfactory showing of good cause, a party seeking to amend its infringement contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed." *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (affirming the district court's denial of leave to amend infringement contentions where the party seeking to amend had the necessary discovery almost three months before moving for leave to amend). Even if the moving party establishes its diligence, the Court then considers the potential prejudice to the nonmoving party in determining whether to grant leave to amend. *Id.* at 1368.

Patent Local Rule 3-6 includes a non-exhaustive list of scenarios that could support a finding of good cause:

(a) A claim construction by the Court different from that proposed by the party seeking amendment;

(b) Recent discovery of material, prior art despite earlier diligent search; and

    (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

## IV. DISCUSSION

MMR moves to amend its infringement contentions in response to the Court's Claim-Construction Order regarding the '466 Patent terms "receiving at the server the files . . . from a healthcare provider associated with the user," "maintained on the server independently," and "managed privately." MMR argues that good cause exists since the Court adopted constructions of these terms that were different from MMR's proposed constructions.[4] (Case No. 2:13-cv-02538, ECF No. 69 at 4.) MMR contends that it timely amended its infringement contentions five days after the Court re-opened fact discovery and only 20 days after the Court's Claim-Construction Order. (*Id.*) Further, MMR argues that even if the Court determines that MMR was not diligent, the Court should still grant leave to amend because Defendants will not suffer undue prejudice. (*Id.* at 5.) Particularly, MMR notes that Defendants received the Amended Infringement Contentions five months before close of discovery and seven months before trial. (*Id.*)

Defendants WebMD and Quest ("Defendants") oppose amending the infringement contentions, contending that MMR was not diligent because MMR was on notice of Defendants' proposed claim constructions four months prior to the Court's Claim-Construction Order adopting those constructions. (Case No. 2:13-cv-02538, ECF No. 73 at 7.) Further, Defendants argue because summary-judgment motions are due November 17, 2014, they would be unduly prejudiced with respect to their position regarding noninfringement, invalidity, and claim construction if amended infringement contentions were served at this time. (*Id.* at 9.)

---

[4] MMR's Motion for Leave to Amend Infringement Contentions was substantially similar in all three cases and therefore citations of the Motion will refer to Case No. 2:13-cv-02538.

MMR has shown diligence sufficient to meet the good cause standard. *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *5 (N.D. Cal. June 26, 2013) ("[t]he decision by the court to adopt a particular construction gives rise to good cause not because the construction happens to be different but because that difference is material to a party's theory of infringement. Because those theories are reflected in the contentions, amendment of the contentions to address the material difference in the claim construction is appropriate."). MMR provided notice in the Joint Post-*Markman* Schedule that they plan on filing leave for amendment of infringement contentions, which was filed on September 17, 2014, fourteen days after the Court issued the Claim-Construction Order. (*See* ECF No. 87 at 4-5.) Further, cases that denied leave to amend infringement contentions after claim construction did so because a significant amount of unaccounted time lapsed between the claim construction order and amendment and the amendments were filed near the end of discovery or close to trial. *See e.g. Apple, Inc. v. Samsung Elecs. Co*., 2014 WL 1322028, at *7 (N.D. Cal. Mar. 28, 2014) (finding that Samsung was not diligent when filing leave to amend infringement contentions almost a year after the claim-construction order and less than three weeks before trial).

While the Court agrees that diligence is properly measured from the time MMR had notice of Defendants' proposed constructions, the constructions exchanged on May 1, 2014, were "preliminary" claim constructions subject to change until the Joint Claim-Construction Statement. (ECF No. 74 at 4.) Therefore, MMR did not know the final proposed constructions until July 7, 2014. *See* Final Joint Claim-Construction Chart, ECF No. 69. Under these particular facts, a three-month delay in moving for leave to amend does not undermine MMR's diligence. *See Radware Ltd. v. F5 Networks, Inc*., 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014) (finding Radware diligent when there was a three-month delay between receiving notice of source code identified in defendant's interrogatory responses and seeking leave to amend). It was reasonable for MMR to wait until after the Court issued the Claim-

Construction Order and re-opened discovery, rather than amend immediately after the Joint Claim Construction Statement was filed. Additionally, MMR's delay does not undermine the notice function of infringement contentions. Once proposed claim constructions were exchanged between the parties, Defendants were also on notice that MMR would amend their infringement contentions based upon a new claim construction. Neither party had any way of predicting how the Court would rule on the claim construction dispute before it issued the Claim-Construction Order.

Notwithstanding the diligence issue, Defendants will not be prejudiced by MMR's proposed changes. The end of fact discovery is February 18, 2015. Defendants have sufficient time to review MMR's amended infringement contentions. Further, MMR's proposed amendments do not add new patent claims or new products. *See Linex Technologies, Inc. v. Hewlett–Packard Co.*, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (granting motion for leave to amend infringement contentions where the plaintiff's "proposed amendments to its infringement contentions do not add new patent claims or new products" and the defendants had "sufficient time to review [the] amended infringement contentions"). Lastly, MMR gave notice regarding its intent to amend infringement contentions in the Joint Post-*Markman* Schedule, and Defendants still pursued an early summary judgment motions due date. (*See* ECF No. 87 at 4-5.) By their own logic, Defendants should have anticipated the possibility that MMR would have leave to amend its infringement contentions, and therefore cannot argue that they are now prejudiced by their own actions.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

In sum, the Court **GRANTS** MMR's Motion for Leave to Amend Infringement Contentions with respect to all the Defendants in the above captioned cases. (Case No. 2:13-cv-02538, ECF No. 69; Case No. 2:13-cv-03560, ECF No. 79; Case No. 2:13-cv-07285, ECF No. 48.)

**IT IS SO ORDERED.**

November 6, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**