**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., <br><br> Defendants. | Case No. 2:13-cv-03560-ODW(SHx) <br> **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES [116] AND DENYING PLAINTIFF'S REQUEST TO STAY PENDING APPEAL [123]** |
| MYMEDICALRECORDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEBMD HEALTH CORP; WEBMD HEALTH SERVICES GROUP INC, <br><br> Defendants. | Case No. 2:13-cv-07285-ODW(SHx) - **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES [88] AND DENYING PLAINTIFF'S REQUEST TO STAY PENDING APPEAL [94]** |

## I. INTRODUCTION

Defendants WebMD Health Corp., WebMD Health Services Group Inc., and Allscripts Healthcare Solutions, Inc. (collectively, "Defendants") move for Attorney

Fees.[1] (ECF No. 84.) Defendants argue that Plaintiff MyMedicalRecords' ("MMR") actions make this an exceptional case, entitling Defendants to attorney fees under 35 U.S.C § 285. For the reasons discussed below, the Court **DENIES** Defendants' Motion for Attorney Fees.[2] (ECF No. 88; Case No. 2:13-cv-03560, ECF No. 116.)

## II. FACTUAL BACKGROUND

MMR filed a complaint on October 10, 2013 alleging that Defendants infringed claims of both U.S. Patent No. 8,301,466 ("the '466 Patent") and U.S. Patent No. 8,498,883 ("the '883 Patent"). (ECF No. 1.) Specifically, MMR alleged that Defendants infringed claims 8–12 of the '466 Patent and claims 1–3 of the '883 Patent.

On August 19, 2014, the Court held a consolidated claim-construction hearing on eight terms. On September 3, 2014, this Court issued a Claim Construction Order, construing several terms of the '466 Patent, and finding claims 1–3 of the '883 patent indefinite. (Case No. 2:13-cv-00631 ["Lead Case"], ECF No. 67.) Specifically, the Court held that the "means for scheduling" limitation is indefinite under 35 U.S.C. § 112 because the '883 Patent did not disclose an algorithm for performing the claimed scheduling function. (*Id*. at 7–10.)

On September 18, 2014, the Court issued a Post-*Markman* Scheduling Order, which granted the Defendants' request to file early summary judgment motions. (*Id*., ECF No. 88.) The Court further instructed the parties to "focus first on discovery of issues relating to infringement and invalidity." (*Id*.) Despite this instruction, MMR propounded discovery requests on Defendants that included damages-related discovery. After Defendants objected, MMR asked the Court to compel Defendants to produce all damages-related discovery arguing that the information was needed

---

[1] Because Defendants' motions are substantively the same, the Court will address both motions in this Order. All docket references will refer to Case No. 2:13-cv-7285 unless otherwise indicated.

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

sufficiently in advance of the December 24, 2014 expert report deadline. (ECF No. 53.) The Court denied MMR's request emphasizing that the parties should first focus on discovery issues relating to infringement and invalidity and the dispositive motions regarding the same. (ECF No. 62.)

Per the Post-*Markman* Scheduling Order, Defendants filed their Motion for Summary Judgment as to Invalidity of the '883 Patent on November 17, 2014. (Lead Case, ECF No. 91.) Despite the Court's finding of indefiniteness, MMR did not stipulate to entry of judgment of invalidity, and filed an opposition rearguing its claim construction position. (*Id.*, ECF No. 95.) At the same time, Defendants filed a Motion for Judgment on the Pleadings of Invalidity of the '466 Patent. The Court granted both Defendants' motions on December 22, 2014. (*Id.*, ECF No. 90.) Pursuant to these two orders, the Court entered Final Judgment in favor of Defendants on January 9, 2015. (*Id.*, ECF No. 105.) MMR appealed the Court's judgment to the Federal Circuit on January 15, 2015. (ECF No. 85.)

On January 23, 2015, Defendants moved for Attorney Fees under 35 U.S.C. § 285. (ECF No. 88.) MMR opposed and asked the Court to defer ruling on assessment of costs until after the appellate process has been completed.[3] (ECF No. 89.) On March 3, 2015, MMR filed a separate request to stay the requirement to post a bond for expenses pending resolution of the appeal or decision on fees. (ECF No. 94.) Defendants opposed. (ECF No. 95.) Both Motions are now before the Court for consideration.

### III. LEGAL STANDARD

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In this statute,

---

[3] In the related case, *MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, Case No. 2:13-cv-02538, the parties stipulated to hold in abeyance and extend the deadline for attorney fees proceedings until 30 days after final disposition of any further proceedings on appeal or the issuance of a mandate by the Federal Circuit. (Case No. 2:13-cv-02538, ECF No. 100.)

"exceptional" has its ordinary meaning of "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., —U.S. —, 134 S.Ct. 1749, 1756 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. Section 285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decision maker.

District courts determine whether a case is exceptional "considering the totality of the circumstances." *Id*. Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id*. at 1757. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. A party must prove its entitlement to fees by a preponderance of the evidence. *Id*. at 1758.

## IV. DISCUSSION

### A. Request to Stay

As an initial matter, MMR improperly requested staying the case within its opposition to Defendants' Motion for Attorney Fees. (ECF No. 89.) To the extent that MMR wanted a separate and independent ruling on its request to stay the case—which was inferred from MMR's *ex parte* inquiry about the status of the "motion" to stay—MMR was required to file a separate motion for the Court's consideration. This is in fact what the Court told MMR. Nonetheless, because MMR filed its request so late, the Court will address MMR's request along with Defendants Motion for Attorney Fees. The Court agrees with Defendants that addressing the issue of fees now while the facts are fresh in the Court's mind is more efficient. Further, the outcome of the appeal is immaterial to the Court's analysis of whether to grant attorney fees under section 285. Therefore, the Court **DENIES** MMR's Request.

**B.     Attorney Fees Under § 285**

   *1.     Prevailing Party*

Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In determining whether a party is a prevailing party in patent litigation, the Federal Circuit applies the general principle that, "to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (citations and quotations omitted). The Federal Circuit has concluded that, "as a matter of patent law," the dismissal of claims with prejudice when granted by a district court "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that [a] district court properly [can] entertain [a] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Under the circumstances of this case, Defendants are the prevailing parties for the purposes of the present motions.

   *2.     Exceptional Case*

Section 285 is directed to exceptional "cases." Individual actions or arguments in the course of litigation that merit sanctions may be addressed through the court's inherent powers or through statutes and rules of procedure intended for those purposes. *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, at *4 (E.D. Tex. Aug. 6, 2014). The determination of whether attorney fees are warranted under section 285 should be a determination of whether in light of the totality of the circumstances the case as a whole is exceptional. *Id.*

Defendants assert two bases for an award of attorney fees. First, Defendants argue that MMR's claims that Defendants infringed the '883 patent was frivolous and objectively unreasonable after the Court's Claim Construction Order. (Mot. 6.) Specifically, Defendants argue that once the Court made its indefiniteness finding,

5

1 MMR could not reasonably have expected to succeed on its infringement claims of the
2 '883 Patent, and thus should have stipulated to the entry of judgment on the '883
3 Patent. Instead, MMR reargued its claim construction position in its Opposition to
4 Defendants' Motion for Summary Judgment of Invalidity of the '883 Patent. (*See*
5 Lead Case, ECF No. 95.)

6 Second, Defendants argue that MMR litigated the case in an unreasonable
7 manner. Aside from opposing summary judgment on an issue already decided in
8 claim construction, MMR also requested damages-related discovery when the Court
9 instructed the parties to focus on discovery issues relating to infringement and
10 invalidity. When Defendants objected, MMR filed a Notice of Discovery Dispute
11 requesting the Court to compel Defendants to provide damages-related discovery.

12 Aside from these two arguments Defendants do not point to any additional
13 conduct that would contribute to a finding of this case being exceptional. With
14 respect to the latter argument, the Court finds that MMR's discovery request was not
15 unreasonable. In MMR's Notice of Discovery Dispute, MMR argues that it was
16 seeking damages-related discovery to comply with the Court's Scheduling Order
17 which specified a discovery cutoff date of February 18, 2015. (*See* Case No. 2:13-cv-
18 00631, ECF No. 88.) The discovery cutoff made expert reports due by December 24,
19 2014. MMR requested discovery by November 17, 2014 to allow for sufficient time
20 to conduct depositions and prepare expert reports. Considering that MMR was trying
21 to comply with the Court's Scheduling Order and presumably account for the holiday
22 season, the Court finds that MMR's request was not frivolous or in bad faith.

23 As to Defendants first argument, the Court agrees with Defendants that MMR's
24 refusal to withdraw or stipulate to invalidity of the '883 Patent after claim
25 construction was unreasonable. Requiring full briefing of the issue during summary
26 judgment unnecessarily prolonged litigation and expended the parties' and Court's
27 resources. Nonetheless, the Court finds that this was the only sanctionable action by

MMR throughout the case, and therefore does not cause the case to rise to the level of "exceptional" under section 285. *See Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc*., No. CV 09-598-LPS, 2015 WL 1467204, at *9 (D. Del. Mar. 30, 2015) ("As long as the test for awarding attorney fees turns on whether the case is 'exceptional,' the Court is obligated to consider the instant case in comparison to the numerous patent cases with which it has been involved, and needs to assess if the instant case is in some meaningful sense 'uncommon,' 'rare,' or 'not ordinary.'") (quoting *Octane Fitness*, 134 S.Ct. at 1756).

Furthermore, the cases that Defendants cite are distinguishable because the plaintiff in those cases had continuous egregious behavior throughout the case, not just one instance. *See IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 5:13-CV-01708 HRL, 2014 WL 5795545, at *5 (N.D. Cal. Nov. 6, 2014) (finding plaintiff did not conduct adequate pre-suit investigation; served inapplicable discovery requests; and relied on claim construction briefings against other defendants with dissimilar products); *Logic Devices, Inc. v. Apple Inc*., No. C 13-02943 WHA, 2014 WL 6844821, at *1 (N.D. Cal. Dec. 4, 2014) (finding numerous instances of egregious behavior by plaintiff including blindly adopting and filing a complaint drafted by another firm; waiting four months to serve defendant; misrepresenting that a terminal disclaimer had been filed; and failing to comply with patent local rules). Therefore, in light of the totality of the circumstances, the Court does not find this case as a *whole* exceptional and therefore attorney fees are not warranted under section 285.

### C.     Attorney Fees Under The Court's Inherent Power

Notwithstanding the fact the entire case is not exceptional, the Court still finds that attorney fees are warranted for MMR's behavior under the Court's inherent sanctioning power. Federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct, or "willful disobedience" of a court

7

order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43(1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–766 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987). "Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45–46; *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–259 (1975). Bad faith is tested objectively: "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985). There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." *Ford*, 790 F.2d at 347; *see also Jacobs v. Scribner*, No. 1:06-CV-01280AWIGSAP, 2009 WL 2982671, at *1 (E.D. Cal. Sept. 11, 2009).

In this case MMR had no justification for refusing to stipulate invalidity of the '883 Patent after claim construction. It is well established in patent law that indefiniteness is a question of law, and a patent claim containing an indefinite term is invalid. *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998) ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."); *see also Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2125, (2014) ("A lack of definiteness renders invalid the patent or any claim in suit.") (internal quotations omitted). Further, the Federal Circuit has made clear that district courts may properly decide indefiniteness in conjunction with claim construction proceedings. *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction."). MMR's opposition to

summary judgment disregarded and "willfully disobeyed" the Court's Claim Construction Order which found the asserted claims of the '883 Patent indefinite. MMR's refusal to stipulate or dismiss its claims was in bad faith because it unjustifiably expended the parties' and Court's time and resources and delayed judgment. If MMR wanted to appeal the Court's claim construction ruling—which is what MMR ultimately did—it could have simply stipulated to invalidity of the '883 Patent.

Furthermore, MMR's reliance on *Teva Pharms. USA, Inc. v. Sandoz, Inc*., 135 S. Ct. 831 (2015) is irrelevant. As an initial matter, *Teva* was decided on January 20, 2015, well after MMR filed its opposition to Defendants' Motion for Summary Judgment on December 1, 2014. MMR fails to explain how *Teva* can justify its position back in December, before a ruling was ever made. Even if the decision in *Teva* were timely, MMR misrepresents what *Teva* stands for. In *Teva*, the Supreme Court held that the Federal Circuit, when reviewing a district court's subsidiary factual findings made in the course of claim construction, must not set aside those factual findings unless they are "clearly erroneous." *Id*. at 836–7. Since *Teva*, the Federal Circuit has held that the "clearly erroneous" standard is only applicable if the district court relied on extrinsic evidence; otherwise *de novo* review is still appropriate for claim construction where only intrinsic evidence is required. *See Pacing Techns., LLC v. Garmin Int'l, Inc*., 778 F.3d 1021, 1023 (Fed. Cir. 2015) ("Because the only evidence at issue on appeal and presented to the district court in this claim construction was intrinsic, our review of the constructions is *de novo*."). Therefore, *Teva* does not apply to the Court's indefiniteness finding in this case, because the Court relied only on intrinsic evidence and made no factual findings. (*See* Lead Case, ECF No. 86 at 7–10.)

/ / /

/ / /

## V. CONCLUSION

Accordingly, the Court **DENIES** the Defendants' Motion for Attorney Fees and **DENIES** Plaintiff's Motion to Stay. (ECF Nos. 88, 94; Case No. 2:13-cv-03560, ECF Nos. 116, 123.) The Court Orders MMR to show cause why MMR should not be sanctioned in the form of attorney fees for opposing Defendants Motion for Summary Judgment on Invalidity of the '883 Patent. Defendants may also submit arguments for why MMR should be sanctioned. Both parties will file their responses, not to exceed five pages, simultaneously by **May 8, 2015**.

**IT IS SO ORDERED.**

April 20, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**