O

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC., | Case No. 2:13-cv-03560-ODW(SHx) |
| Plaintiff, | **ORDER DENYING SANCTIONS** |
| v. | **AGAINST PLAINTIFF** |
| JARDOGS, LLC; ALLSCRIPTS | |
| HEALTHCARE SOLUTIONS, INC., | |
| Defendants. | |
| MYMEDICALRECORDS, INC., | Case No. 2:13-cv-07285-ODW(SHx)-* |
| Plaintiff, | |
| v. | |
| WEBMD HEALTH CORP; WEBMD | |
| HEALTH SERVICES GROUP INC, | |
| Defendants. | |

## I.     INTRODUCTION

Pursuant to the Court's Order to show cause why Plaintiff MyMedicalRecords ("MMR") should not be sanctioned in the form of attorneys' fees for opposing Defendants WebMD Health Corp., WebMD Health Services Group Inc., and Allscripts Healthcare Solutions, Inc. (collectively, "Defendants") Motion for Summary Judgement of Invalidity of the '883 Patent, MMR responds that it was

following the Court's Post-*Markman* Scheduling Order and not acting in bad faith. For the reasons discussed below, the Court finds that MMR did not act in bad faith and therefore sanctions are undeserved in this case.

## II.   FACTUAL BACKGROUND

MMR filed a complaint on October 10, 2013 alleging that Defendants infringed claims of both U.S. Patent No. 8,301,466 ("the '466 Patent") and U.S. Patent No. 8,498,883 ("the '883 Patent").   (ECF No. 1.)[1]   Specifically, MMR alleged that Defendants infringed claims 8–12 of the '466 Patent and claims 1–3 of the '883 Patent.

On August 19, 2014, the Court held a consolidated claim-construction hearing on eight terms.  On September 3, 2014, this Court issued a Claim Construction Order, construing several terms of the '466 Patent, and finding claims 1–3 of the '883 patent indefinite.  (Case No. 2:13-cv-00631 ["Lead Case"], ECF No. 67.)  Specifically, the Court held that the "means for scheduling" limitation is indefinite under 35 U.S.C. § 112 because the '883 Patent did not disclose an algorithm for performing the claimed scheduling function.  (*Id*. at 7–10.)

Defendants moved for summary judgment as to invalidity of the '883 Patent on November 17, 2014.  (Lead Case, ECF No. 91.)  Despite the Court's finding of indefiniteness, MMR did not stipulate to entry of judgment of invalidity, and filed an opposition rearguing its claim construction position.  (*Id*., ECF No. 95.)  At the same time, Defendants filed a Motion for Judgment on the Pleadings of Invalidity of the '466 Patent.  The Court granted both Defendants' Motions on December 22, 2014. (*Id*., ECF No. 90.)  Pursuant to these two orders, the Court entered Final Judgment in favor of Defendants on January 9, 2015.  (*Id*., ECF No. 105.)  MMR appealed the Court's judgment to the Federal Circuit on January 15, 2015.  (ECF No. 85.)

---

[1] Because the parties' briefs are substantively the same in both cases, all docket references will refer to Case No. 2:13-cv-7285 unless otherwise indicated.

On January 23, 2015, Defendants moved for Attorney Fees under 35 U.S.C. § 285.  (ECF No. 88.)  The Court denied Defendants motion, but issued an order to show cause why MMR should not be sanctioned in the form of attorney fees for opposing Defendants Motion for Summary Judgment on Invalidity of the '883 Patent. (ECF No. 97.)  On May 8, 2015, both MMR and Defendants responded.  (ECF Nos. 102–105.)  On June 3, 2015, the Court ordered Defendants to submit supplemental briefing regarding attorneys' fees and costs.  (ECF No. 106.)  The Court also granted leave for MMR to respond.  (ECF Nos. 109, 110.)  On July 7, 2015, the Federal Circuit granted MMR's motion to dismiss its appeal.  (ECF No. 111.)  Pending before the Court is the issue of whether MMR should be sanctioned for opposing Defendants Motion for Summary Judgment on Invalidity of the '883 Patent and the reasonableness of Defendants' attorneys' fees.

### III.   LEGAL STANDARD

Federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct, or "willful disobedience" of a court order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–766 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987). "Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45–46; *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–259 (1975).  Bad faith is tested objectively: "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous."  *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985).  There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." *Ford*, 790 F.2d at 347; *see also Jacobs v. Scribner*, No. 1:06-CV-01280AWIGSAP,

2009 WL 2982671, at *1 (E.D. Cal. Sept. 11, 2009).

## IV.   DISCUSSION

After considering MMR's response and reviewing the Post-*Markman* Scheduling Order ("Scheduling Order"), the Court finds that MMR's actions did not amount to bad faith and therefore should not be sanctioned.  In the Court's previous Order, the Court admonished MMR for unjustifiably refusing to stipulate to invalidity of the '883 Patent after claim construction.  (*See* ECF No. 97 at 7–9.)  While the Court still believes that the law does not support MMR's positions in its summary judgment opposition, the opposition itself was not filed in bad faith.  The Scheduling Order vaguely states "the Court **GRANTS** Defendants leave to file a motion for entry of judgment on invalidity or early summary-judgment motions as they have outlined in the Joint Post-*Markman* Scheduling Report."  (Lead Case, ECF No. 88 at 2–3.)  The Joint Post-*Markman* Scheduling Report ("Joint Report") brought to the Court's attention the positions MMR planned to argue in its opposition.  (*Id*., ECF No. 87 at 3–4.)  Further, Defendants argued that MMR should explicitly address its concerns during summary judgment.  (*Id*. 8 ("A summary judgment motion could easily address MMR's concerns regarding clear and convincing evidence and the level of skill in the art.").)  Thus, MMR reasonably interpreted the Scheduling Order as giving MMR leave to oppose Defendants' summary judgment motion, especially since both the Court and Defendants were aware of MMR's position on invalidity after the claim construction ruling in the parties' Joint Report.  Therefore, the Court finds that MMR reasonably relied upon the Scheduling Order and did not file its opposition in order to intentionally harass or delay the proceedings.  Without bad faith, the court cannot impose sanctions pursuant to its inherent power or statutory power.  *See Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (sanctions imposed pursuant to court's inherent powers doctrine as well as 28 U.S.C. § 1927 require highly specific finding of bad faith).

4

Defendants argue that sanctions can also be issued under Rule 11.   (ECF No. 102 at 4–5.)   The Court disagrees.   Although Rule 11 sanctions generally do not require a showing of bad faith, when the Court raises Rule 11 sanctions sua sponte many courts have adopted that the bad faith standard applies because the safe-harbor provision does not apply to court-initiated motions.   *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).   Additionally, sua sponte Rule 11 issues that are resolved after resolution of the merits of the case are subject to a "particularly stringent review."   *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 767–768 (4th Cir. 2003).   Thus, the bad faith analysis above equally applies when considering sanctions under Rule 11.   Because the Court finds that MMR has not acted in bad faith, sanctions under Rule 11 are unjustifiable as well.   Furthermore, any sanctions imposed following a court-initiated order to show cause cannot include an attorney fee award to the opposing party.   Fed. R. Civ. P. 11(c)(4); *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).   Therefore, even if the Court were to find sanctions appropriate under Rule 11, the Court cannot provide the relief that Defendants wish.

Lastly, because the Court has found that sanctions are inappropriate against MMR, the Court need not address the issue of whether Defendants' requested attorneys' fees are reasonable.

## V.   CONCLUSION

Accordingly, the Court finds that MMR did not act in bad faith and therefore sanctions are undeserved in this case.

**IT IS SO ORDERED.**

September 16, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**